FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 9, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DONALD G. JONES,

    Plaintiff - Appellant,

v.

WAL-MART, INC.; WALMART, INC.,
FACILITY #5363,

    Defendants - Appellees.

No. 22-5025
(D.C. No. 4:20-CV-00369-WPJ-CDL)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Donald G. Jones, proceeding pro se, appeals from the district court's dismissal

of his diversity personal-injury suit against Wal-Mart, Inc. and a Wal-Mart store.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Jones' sole argument on appeal is that the Honorable William P. Johnson,

a federal district judge in the District of New Mexico, unlawfully decided Mr. Jones'

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

case because Judge Johnson is not a district judge in the Northern District of Oklahoma. We reject this proposition.

The federal district courts of both New Mexico and Oklahoma are within the Tenth Circuit. *See* 28 U.S.C. § 41. Under 28 U.S.C. § 292(b), "[t]he chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit." Invoking § 292(b) in an order dated December 16, 2021, the Chief Judge of the Tenth Circuit designated and assigned Judge Johnson (a district judge of the circuit) to hold court in the Northern District of Oklahoma (a district within the circuit) from January 1, 2022, through December 31, 2022. Therefore, when he issued the dismissal order on March 16, 2022, Judge Johnson was authorized to exercise "all the powers" of a Northern District of Oklahoma judge (with limited exceptions not relevant here). 28 U.S.C. § 296. Further, before Judge Johnson issued the dismissal order, the Northern District of Oklahoma had reassigned Mr. Jones' case to him, as reflected on the district court's docket. For these reasons, Judge Johnson did not unlawfully hear and decide Mr. Jones' case.

Mr. Jones makes no argument challenging the district court's grounds for dismissing his case. Those grounds included not only his noncompliance with a permanent injunction previously entered against him that restricts his ability to file civil lawsuits, but also lack of personal jurisdiction and improper venue. By failing to make an argument, he has waived any challenge to those decisions. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to

2

consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").  Although we afford pro se litigants a liberal construction of their filings, we do not make arguments for them.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

We grant Mr. Jones' motion to proceed without prepayment of costs and fees, and we affirm the district court's judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge